IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00415-CMA-CBS

DONALD BOSCH,

      Plaintiff,

v.

KERRY WILKE,
MARION KEYES,
DUNN, KEYES, GELMAN & PUMMELL, LLC,
LEE GELMAN, and
MOUNTAIN LAW GROUP, LLC

      Defendants.

_____

## MOTION TO DISMISS AND FOR SANCTIONS
_____

Defendants Dunn, Keyes, Gelman & Pummell, LLC, Lee Gelman, and Mountain Law Group, LLC, by and through their counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), hereby respectfully submit this Motion to Dismiss and for Sanctions, as follows:

### INTRODUCTION

Plaintiff Donald Bosch attempts claims against all of the Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Colorado law.  Plaintiff's claims arise out of prior litigation before the District Court, Summit County, State of Colorado, Case No. 09-cv-25 ("State Case").  The State Case involved a lawsuit by Defendant Kerry Wilke against Donald Bosch concerning certain unpaid commissions.  The State Case resulted in a judgment against Mr. Bosch on January 31, 2010 in the amount of

$73,196.52.  [*See* Order Granting Motion for Default Judgment, Case No. 09-cv-25, January 31, 2010, attached as Exhibit A].[1]  Defendant has not paid any of this judgment.

Plaintiff now attempts claims against Defendant Wilke as the judgment creditor in the State Case, as well as the judgment creditor's attorneys, former attorneys, and present and former law firms.  Plaintiff alleges each Defendant generally and collectively violated the Plaintiff's rights based on the conduct of the State Case.  Plaintiff's claims against the Defendants fail to state any cognizable claim as a matter of law.  First, the *Rooker-Feldman* doctrine bars the Plaintiff's claims.  Second, Defendants were not acting under color of state law.  Third, Plaintiff states no viable 42 U.S.C. § 1985 claim under any of its three sections.  Fourth, Plaintiff's Third Claim for Relief under Colorado law fails to state any cognizable claim.  Fifth, Plaintiff's request for injunctive relief is

---

[1]  This Court may consider the Order Granting Motion for Default Judgment in conjunction with this Motion to Dismiss without converting the Motion to a motion for summary judgment on two bases.  First, because the Plaintiff refers to the Order in his Complaint [*see* Plaintiff's Complaint, ¶ 19], it may be considered by this Court pursuant to Fed. R. Civ. P. 10(c). *See, e.g., GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997) (under Rule 10(c) defendant may attach a document to a motion to dismiss referred to but not attached to the complaint and the court does not convert the motion to dismiss to a motion for summary judgment).  Second, this Court may take judicial notice of the records of the Summit County District Court pursuant to Fed. R. Evid. 201.  *See, e.g., General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir. 1997) (taking judicial notice without converting a motion to dismiss and collecting cases from the Second, Third, Fifth, Seventh, Ninth, and District of Columbia Circuits); Wright & Miller, *Federal Practice & Procedure*: Civil 2d: § 1357 (noting judicial notice is appropriate for "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.").

precluded by the Anti-Injunction Act, 28 U.S.C. § 2283.  Sixth, Defendants are entitled

to their attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.[2]

## ARGUMENT

### I.  THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFF'S CLAIMS

The ***Rooker-Feldman*** doctrine prohibits this Court's consideration of Plaintiff's

claims against Defendants.  *See **Rooker v. Fidelity Trust Co.,*** 263 U.S. 413, 415-16

(1923); ***District of Columbia Court of Appeals v. Feldman,*** 460 U.S. 462, 486 (1983).

"The ***Rooker-Feldman*** doctrine bars 'a party losing in state court . . . from seeking what

in substance would be appellate review of the state judgment in a United States district

court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights.'"  ***Kiowa Indian Tribe of Okla. v. Hoover,*** 150 F.3d 1163, 1169 (10th Cir.

1998) (quoting ***Johnson v. De Grandy,*** 512 U.S. 997, 1005-06 (1994)).  As such,

federal district courts do not have jurisdiction "over challenges to state-court decisions in

particular cases arising out of judicial proceedings even if those challenges allege that

the state court's action was unconstitutional."  ***Feldman,*** 460 U.S. at 482; ***Van Sickle v.***

***Holloway,*** 791 F.2d 1431, 1436 (10th Cir. 1986); ***Anderson v. Colorado,*** 793 F.2d 262,

263 (10th Cir. 1986); ***Wise v. Bravo,*** 666 F.2d 1328, 1333 (10th Cir. 1981).  "The reach

of the ***Rooker-Feldman*** doctrine is substantial.  It is not limited to the decisions coming

from the state's highest court.  Nor does it matter whether the state court decisions are

final or interlocutory."  ***Oblander v. Hamilton,*** 90 F.Supp.2d 1216, 1220 (D. Kan. 2000)

---

[2]   Defendants Kerry Wilke has waived service pursuant to Fed. R. Civ. P. 4(d) and Defendant Marion Keyes, Esq., has not been served with the Plaintiff's Complaint to date. Nonetheless, all of the arguments contained in this Motion to Dismiss apply equally to these Defendants.

(citations omitted).

In addition to prohibiting consideration of matters actually decided by state courts, the *Rooker-Feldman* doctrine also precludes a federal district court from review of issues that are "inextricably intertwined" with the state court decision. *Feldman,* 460 U.S. at 486-87; *Kiowa Indian Tribe,* 150 F.3d at 1169; *Van Sickle,* 791 F.2d at 1436. A claim is "inextricably intertwined" if the federal district court would be required to review the state court judgment in order to decide it. *Feldman,* 460 U.S. at 486-87; *Van Sickle,* 791 F.2d at 1436. "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Anderson,* 793 F.2d at 263. Any subsequent federal review must be addressed directly to the United States Supreme Court from the state's highest court pursuant to 28 U.S.C. § 1257. *Facio v. Jones,* 929 F.2d 541, 543 (10th Cir. 1991).

In the instant case, the *Rooker-Feldman* doctrine precludes the Plaintiff's claims against the Defendants. A review of the Plaintiff's Complaint reveals unequivocally that the Plaintiff's claims either directly seek review of a state court judgment or are "inextricably intertwined" with the earlier Summit County District Court litigation. Plaintiff's Complaint unambiguously seeks to relitigate issues decided by the Summit County District Court including the propriety of service of the state court complaint, the propriety of the default judgment entered by the state court, and even the merits of the state court claims. [*See* Plaintiff's Complaint, ¶¶ 7-9, 14-15, & 19-20]. The *Rooker-Feldman* doctrine precludes relitigation of any issues actually decided or inextricably

intertwined with anything determined by the Summit County District Court in Case No. 09-cv-25 in this Court.

## II.  DEFENDANTS WERE NOT ACTING UNDER COLOR OF STATE LAW

To state a viable 42 U.S.C. § 1983 claim against Defendants, Plaintiff must allege the deprivation by the Defendants of a right, privilege, or immunity secured by the Constitution and laws of the United States while the Defendants were acting under color of state law.  *Garcia v. Lemaster,* 439 F.3d 1215, 1217 (10th Cir. 2006); *Doe v. Bagan,* 41 F.3d 571, 573-74 (10th Cir. 1994); *Mayhew v. West-Watt*, 2011 U.S. Dist. LEXIS 82824 at *3-6 (D. Colo. July 28, 2011) (unpublished disposition attached as Exhibit B).

Plaintiff's Complaint identifies the roles of the Defendants as follows.  Defendant Wilke was a party to the prior litigation in Summit County District Court.  [*See* Plaintiff's Complaint, ¶ 6].   Defendants Keyes, Gelman, Gelman, Dunn, Keyes, Gelman & Pummell, LLC, and Mountain Law Group, LLC, at one time or another, appeared as attorneys or law firms in the prior litigation.  [*See* Plaintiff's Complaint, ¶ 6].  Defendants' status as litigants and attorneys in the prior litigation is insufficient for them to be considered as acting under color of state law for purposes of a 42 U.S.C. § 1983 claim.

In *Polk County v. Dodson,* 454 U.S. 312 (1981), the Supreme Court of the United States held that a public defender does not act under color of state law for purposes of a 42 U.S.C. § 1983 claim when representing an indigent defendant in a state court criminal proceeding.  *Id.* at 318-321.  In so doing, the Court noted that "[a]lthough lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'"  *Id.* at 319 n. 7 (quoting *In re Griffiths,* 413

U.S. 717, 729 (1973)).   Similarly, the United States Court of Appeals for the Tenth Circuit has repeatedly held that an attorney representing a litigant in a state court proceeding is not acting under color of state law for purposes of 42 U.S.C. §  1983. *See, e.g., **Barnum v. Hilfiger,*** 340 Fed. Appx. 508, 508 (10th Cir. Aug. 11, 2009) (unpublished disposition attached hereto as Exhibit C) (affirming district court decision that private attorneys representing criminal defendant did not act under color of law); ***Harrison v. Gilbert,*** 148 Fed. Appx. 718, 719-720 (10th Cir. Sept. 20, 2005) (unpublished disposition attached hereto as Exhibit D) (same with respect to attorneys who represented parties in a dependency and neglect proceeding); ***Mann v. Rigtrup,*** 1991 U.S. App. LEXIS 12302 at *2-4 (10th Cir. June 6, 1991) (unpublished disposition attached as Exhibit E) (same with respect to attorneys who represented parties in civil litigation); ***Torres v. First State Bank of Sierra County,*** 588 F.2d 1322, 1326-1327 (10th Cir. 1978) (use of state court does not result in actions under color of state law for purposes of 42 U.S.C. § 1983).   Moreover, a party to a state court proceeding also does not act under color of state law.   *See, e.g., **Lugar v. Edmondson Oil Co., Inc.,*** 457 U.S. 922, 939 n. 21 (1982) (private party's invocation of state legal procedures does not equate to state action); ***Johnson v. Rodrigues,*** 293 F.3d 1196, 1205 (10th Cir. 2002), *cert. denied,* 537 U.S. 1111 (2003) (same).   Under these precedents, none of the Defendants acted under color of state law for Plaintiff to state any cognizable claim under 42 U.S.C. § 1983.[3]

---

[3] Plaintiff could not name as defendants the State of Colorado or the judge in the State Case because they carry Eleventh Amendment and absolute immunity.  Given the unfounded claims contained in the Plaintiff's Complaint, Defendants are surprised by these omissions.

### III.  PLAINTIFF STATES NO VIABLE 42 U.S.C. § 1985 CLAIM

Plaintiff never specifies the subpart of 42 U.S.C. § 1985 relied upon.  [*See* Plaintiff's Complaint, ¶¶ 1 & 28].  Nonetheless, none of the three subparts of § 1985 apply here.  Section 1985(1) is inapplicable because none of the Plaintiff's allegations relate to any alleged conspiracy to prevent any public officer from performing official duties.  *See* 42 U.S.C. § 1985(1); *Santistevan v. Loveridge,* 732 F.2d 116, 117-118 (10th Cir. 1984).

Section 1985(2) cannot apply because Plaintiff's allegations concern no alleged retaliation against parties or witnesses in federal court, or interference with any state court proceeding.  *See* 42 U.S.C. § 1985(2); *Glass v. Pfeffer,* 849 F.2d 1261, 1264-65 & n. 1 (10th Cir. 1988); *Wright v. No Skiter Inc.,* 774 F.2d 422, 425 (10th Cir. 1985).  A Section 1985(2) claims requires a (1) conspiracy, (2) to deter testimony by force or intimidation, and (3) injury to the plaintiff.  *Timmerman v. U.S. Bank, N.A.,* 483 F.3d 1106, 1124 (10th Cir. 2007); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1126 (10th Cir. 1994).  Here, Plaintiff has insufficient allegations to meet any of these elements. First, no allegations exist that the Defendants engaged in any conspiracy to deter the Plaintiff from doing attending or testifying in the State Case.  The simple fact the Defendants engaged in litigation in the State Case  is not evidence of any conspiracy. Second, no allegations exist that the Defendants attempted to deter Plaintiff's participation in the State Court by force or intimidation.  "Legal claims possessing a reasonable basis in law and fact simply do not constitute the 'force and intimidation' necessary to satisfy § 1985(2)."  *Timmerman,* 483 F.3d at 1124.  Third, Plaintiff has not

demonstrated any injury arising from any conspiracy by the Defendants to deter his testimony or participation in the State Case.

Finally, any § 1985(3) claim fails. "Section 1985(3) creates a cause of action against persons who conspire to deprive a person or class of 'equal' protection or 'equal' privileges and immunities." *Bisbee v. Bey,* 39 F.3d 1096, 1102 (10th Cir. 1994), *cert. denied,* 515 U.S. 1142 (1995). To state a viable § 1985(3) claim, Plaintiff must show some racial or other class-based invidious discrimination lay behind the conspirators' actions and must demonstrate the conspiracy aimed at interfering with rights that are protected against private as well as official encroachment. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268-69 (1993); *Carpenters v. Scott,* 463 U.S. 825, 833 (1983); *Griffin v. Breckinridge,* 403 U.S. 88, 102 (1971). Here, Plaintiff satisfies neither requirement. No allegation demonstrates Defendants acted with class-based or racially discriminatory intent. Absent such allegations, Plaintiff states no viable § 1985(3) claim. *Bisbee,* 39 F.3d at 1102; *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied,* 510 U.S. 1093 (1994) ("In fact, the Supreme Court has held that 'it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against [African-Americans] and those who championed their cause.'"). Further, Plaintiff alleges no violation of any right protected against both private and official violation. *Tilton,* 6 F.3d at 686. The only rights protected by § 1985(3) are the Thirteenth Amendment's right to be free from involuntary servitude and the right to interstate travel. *Bray,* 506 U.S. at 278. Plaintiff's allegations do not implicate any such rights.

## IV.  PLAINTIFF'S THIRD CLAIM FOR RELIEF FAILS TO STATE
## ANY COGNIZABLE CLAIM AS A MATTER OF LAW

Plaintiff's Third Claim for Relief does not specify any actual legal theory.  Instead, the Third Claim for Relief simply asserts the Plaintiff's failure to respond to the Complaint in Summit County District Court Case No. 09-cv-25 was due to excusable neglect and it is inequitable the default judgment was entered and it should not be allowed to stand.  [*See* Plaintiff's Complaint, ¶¶ 29-30].  In addition to the fundamental legal barriers to this Court enjoining or otherwise interfering in the state court judgment discussed elsewhere in this Motion, nothing about Plaintiff's Third Claim for Relief provides any viable legal theory upon which relief may be granted.  In fact, the Colorado Rules of Civil Procedure, Rule 60, provides the sole and proper process when a judgment debtor seeks relief from a judgment.  Thus, this is not a case where Plaintiff is left with no adequate process or venue to challenge his alleged grievance.

## V.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS
## PRECLUDED BY THE ANTI-INJUNCTION ACT

Plaintiff specifically and repeatedly requests this Court enjoin any enforcement of the judgment entered by the Summit County District Court in Case No. 09-cv-25.  [*See* Plaintiff's Complaint, ¶¶ 26 (in wherefore paragraph), 28 (same), & 29 (same)].  Under the Anti-Injunction Act, this Court is precluded from granting the Plaintiff's requested injunctive relief as a matter of law.

In its entirety, 28 U.S.C. § 2283 provides, as follows:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.   The Supreme Court has interpreted the Act as a mandatory prohibition against federal courts enjoining state court proceedings, reasoning as follows:

> we therefore adhere to that position and hold that any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld.  Moreover since the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.   Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287 (1970); *see generally Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied,* 523 U.S. 1005 (1998) (applying Anti-Injunction Act); *Phelps v. Hamilton,* 122 F.3d 1309, 1324-25 (10th Cir. 1997) (same).

Here, none of the three exceptions to the Anti-Injunction Act apply.   Plaintiff's requested injunction precluding the Defendants from enforcing the judgment entered by the Summit County District Court in Case No. 09-cv-25 falls squarely within the parameters of the Anti-Injunction Act.  Plaintiff's remedy for the alleged errors by the state district court is under Colorado law in the courts of Colorado, not through any injunctive relief from this Court.

## VI.  DEFENDANTS ARE ENTITLED TO THEIR ATTORNEYS FEES PURSUANT TO 42 U.S.C. § 1988 AND 28 U.S.C. § 1927

The legal precedent and clear jurisprudence presented here is not complicated. No more than casual legal research is needed to confirm the futility of each of the

Plaintiff's claims.  Plaintiff's motivation, just on the surface, is the delay or avoidance in having to pay a judgment entered over two year ago.   And Plaintiff's counsel's connivance is easily explained--he represented Plaintiff in the State Case and was ordered to receive alternate service of process on Plaintiff's behalf because Plaintiff has repeatedly ducked service.[4]   But, instead of litigating in the State Case, Plaintiff brings this fight to this Court on sham pleadings and against parties and lawyers who did nothing more than bring a simple lawsuit in State court on behalf of a client.   And with the exception of attorney Marion Keyes, did a lot less.   Fortunately, as this Court is well experienced, there is adequate remedy for both Plaintiff's empty complaint and his lawyer's misbehavior.   Remedial measures are warranted against Plaintiff, and especially his counsel, under 28 U.S.C. § 1927 and 42 U.S.C. § 1988.   Incredibly, the freshest law in this District on all of the issues presented here was just seven months ago in *Mayhew v. West-Watt*, 2011 U.S. Dist. LEXIS 82824 (D. Colo. July 28, 2011) (unpublished disposition attached as Exhibit A) (dismissing claims against attorneys for a party under Section 1983).[5]

---

[4] Plaintiff continues to elude service in post-judgment collection proceedings in the State Case.

[5]  In this context, it is important for this Court to understand and appreciate that on February 17, 2012, Lee Gelman wrote counsel for the Plaintiff after being notified of the filing of the Plaintiff's Complaint through a daily reporting service, but before the Complaint was served on any of the Defendants, outlining the frivolous nature of the Complaint and its allegations. Defendants will produce this correspondence to this Court upon request.  Defendants invoke 42 U.S.C. § 1988 and 28 U.S.C. § 1927 as the basis for obtaining their attorney's fees and not Fed. R. Civ. P. 11 because of the requirement under Rule 11 to prepare and serve the actual motion to be filed with this Court.  *See Green v. Roth,* 466 F.3d 1179, 1192-93 (10th Cir. 2006).  In light of *Roth,* to invoke Rule 11, Defendants are required to prepare the instant Motion and a Rule 11 Motion and cannot avoid the retention of counsel and the preparation of a dispositive motion.

As demonstrated in this Motion, Plaintiff states no cognizable claim upon which relief may be granted as a matter of law.   Indeed, Defendants maintain that the Plaintiff's Complaint is also frivolous and vexatious within the meaning of 42 U.S.C. § 1988.   *See generally* ***Christiansburg Garment Co. v. EEOC,*** 434 U.S. 412, 422 (1978); ***Clajon Prod. Corp. v. Petera,*** 70 F.3d 1566, 1581 (10th Cir. 1995).   In addition, Defendants contend the filing, service and prosecution of the Plaintiff's Complaint constitutes an effort to unreasonably and vexatiously engage in litigation under 28 U.S.C. § 1927.   *See generally* ***Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.,*** 430 F.3d 1269, 1278-7 (10th Cir. 2005); ***Miera v. Dairyland Ins. Co.,*** 143 F.3d 1337, 1342 (10th Cir. 1988).   Defendants recognize this Court's natural disinclination to award attorney's fees to a defendant and against a plaintiff and his counsel on the basis of these statutes. However, any review of the Plaintiff's Complaint demonstrates the lack of any basis in fact or law to the Plaintiff's claims making the Complaint frivolous and vexatious.[6]   Accordingly, Defendants respectfully request this Court award them their attorney's fees and costs in having to defend this litigation pursuant to these statutes.

---

Neither Plaintiff nor his counsel should be able to obtain a free ride given the frivolous nature of the Plaintiff's claims despite the requirements of Rule 11.

[6] Just one fact sample is illuminating: only attorney Marion Keyes represented Mr. Wilke in the State Case during all arguably relevant times outlined in Plaintiff's Complaint. Yet Plaintiff now proceeds against Mr. Wilke's new attorney. Lee Gelman, who has only tried to serve (again, unsuccessfully) post-judgment interrogatories on Plaintiff in the State Case.  Moreover, Plaintiff's counsel failed to use Mr. Gelman's real first name, Leonard, even though it was listed on his recent appearance in the State Case and is easily ascertained through the Colorado Supreme Court website.

## <u>CONCLUSION</u>

In conclusion, for all of the foregoing reasons, Defendants Dunn, Keyes, Gelman & Pummell, LLC, Lee Gelman, and Mountain Law Group, LLC respectfully request this Court dismiss the Plaintiff's Complaint against them in its entirety with prejudice, award them their attorney's fees and costs for having to defend this matter, and for all other and further relief as this Court deems just and appropriate.

Dated this 6th day of March, 2012.

Respectfully submitted,

s/ Andrew D. Ringel          .
Andrew D. Ringel, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, # 600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS DUNN, KEYES, GELMAN & PUMMELL, LLC, LEE GELMAN, AND MOUNTAIN LAW GROUP, LLC**

## CERTIFICATE OF SERVICE(CM/ECF)

I HEREBY CERTIFY that on the 6th day of March, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James E. Mitchem, Esq.
jimmitchem@yahoo.com

s/ Loree Trout, Secretary to
Andrew D. Ringel, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, # 600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS
DUNN, KEYES, GELMAN &
PUMMELL, LLC, LEE GELMAN, AND
MOUNTAIN LAW GROUP, LLC**

\\HALLX3400\Lssdocuments\00000114\00161397.000.DOCX

14